**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
SHIVA STEIN,                                            :
                                                        :
      Plaintiff,                                    :  Civil Action No. 22-cv-9946
                                                        :
v.                                                      :  **COMPLAINT FOR VIOLATIONS OF**
                                                        :  **SECTIONS 14(a) AND 20(a) OF THE**
LAKELAND BANCORP, INC., THOMAS J.                       :  **SECURITIES EXCHANGE ACT OF**
SHARA, MARY ANN DEACON, BRUCE D.                        :  **1934**
BOHUNY, BRIAN FLYNN, MARK J.                            :
FREDERICKS, BRIAN GRAGNOLATI,                           :  **JURY TRIAL DEMANDED**
JAMES E. HANSON II, JANETH C.                           :
HENDERSHOT, LAWRENCE R. INSERRA,                        :
JR., ROBERT E. MCCRACKEN, ROBERT                        :
NICHOLSON III, and ROBERT F.                            :
MANGANO,                                                :
                                                        :
      Defendants.                                   :
---------------------------------------------------------:

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Lakeland Bancorp, Inc. ("Lakeland or the "Company") the members Lakeland's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Lakeland and Provident Financial Services, Inc. ("Provident").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on November 21, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby (i) Provident, NL 239 Corp., a direct, wholly owned subsidiary of Provident ("Merger Sub") will merge with and into the Company, with the Company continuing the surviving entity; then (ii) Lakeland will merge with and into Provident, with Provident as the surviving entity (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on September 26, 2022 (the "Merger Agreement"), each Lakeland stockholder will receive 0.8310 of a share of Provident common stock for each share of Lakeland common stock owned ("Merger Consideration"). Upon the consummation of the Proposed Transaction, former Lakeland shareholders will own approximately 42% of Provident common stock and Provident shareholders will own 58% of Provident common stock.

3. As discussed below, Defendants have asked Lakeland's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW") in support of its fairness opinion.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

material information discussed below is disclosed to Lakeland's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company's stock trades on the New York Stock Exchange, headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Lakeland stock and has held such stocks since prior to the wrongs complained of herein.

10. Individual Defendant Thomas J. Shara has served as a member of the Board since April 2008 and is the President and Chief Executive Officer of the Company.

11. Individual Defendant Mary Ann Deacon has served as a member of the Board since 1995.

12. Individual Defendant Bruce D. Bohuny has served as a member of the Board since 2007.

13. Individual Defendant Brian Flynn has served as a member of the Board since 2010.

14. Individual Defendant Mark J. Fredericks has served as a member of the Board since 1994.

15. Individual Defendant Brian Gragnolati has served as a member of the board since 2020.

16. Individual Defendant James E. Hanson II has served as a member of the board since 2018.

17. Individual Defendant Janeth C. Hendershot has served as a member of the board since 2004.

18. Individual Defendant Lawrence R. Inserra, Jr. has served as a member of the board since 2016.

19. Individual Defendant Robert E. McCracken has served as a member of the board since 2004.

20. Individual Defendant Robert Nicholson III has served as a member of the board since 2003.

21. Individual Defendant Robert F. Mangano has served as a member of the board since 2022.

22. Defendant Lakeland is a New Jersey corporation and maintains its principal offices at 250 Oak Ridge Road, Oak Ridge, New Jersey 07438.  The Company's stock trades on the NASDAQ Global Select Market under the symbol "LBAI."

23. The defendants identified in paragraphs 10-21 are collectively referred to as the "Individual Defendants" or the "Board."

24. The defendants identified in paragraphs 10-22 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.** <u>**The Proposed Transaction**</u>

25. Lakeland operates as the bank holding company for Lakeland Bank that offers various banking products and services for individuals and small to medium sized businesses. The Company provides commercial banking services, including savings, money market, and time accounts, as well as demand deposits. It is also involved in lending services, including commercial real estate loans, commercial and industrial loans, short and medium term loans, lines of credit, letters of credit, inventory and accounts receivable financing, real estate construction loans, residential mortgage loans, Small Business Administration (SBA) loans, and merchant credit card services; financing solutions to small and medium-sized companies; online banking, mobile banking, and wire transfer services; and cash management services, such as remote capture of deposits and overnight sweep repurchase agreements. In addition, it provides consumer banking services, which include checking accounts, savings accounts, interest-bearing checking accounts, money market accounts, certificates of deposit, online banking, secured and unsecured loans, consumer installment loans, mortgage loans, and safe deposit services. Further, the company offers investment advisory services for individuals and businesses; and securities brokerage services, including mutual funds and variable annuities, as well as commercial title insurance services and life insurance products. As of December 31, 2021, it operated 48 branch offices located throughout Bergen, Essex, Morris, Ocean, Passaic, Somerset, Sussex, and Union counties in New Jersey and in Highland Mills, New York; operated six New Jersey regional commercial lending centers in Bernardsville, Iselin, Jackson, Montville, Teaneck and Waldwick; and one New York commercial

lending center to serve the Hudson Valley region. The Company was incorporated in 1969 and is headquartered in Oak Ridge, New Jersey.

26. On September 27, 2022, the Company and Provident jointly announced the Proposed Transaction:

> ISELIN, N.J. and OAK RIDGE, N.J., Sept. 27, 2022 (GLOBE NEWSWIRE) -- Provident Financial Services, Inc. (NYSE: PFS) ("Provident"), the parent company of Provident Bank, and Lakeland Bancorp, Inc. (Nasdaq: LBAI) ("Lakeland"), the parent company of Lakeland Bank, today announced that they have entered into a definitive merger agreement pursuant to which the companies will combine in an all-stock merger, valued at approximately $1.3 billion. The merger combines two complementary banking platforms to create New Jersey's preeminent super-community bank. The combined company will have more than $25 billion in assets and $20 billion in total deposits.
>
> "We are excited to announce this transformational combination of two amazing organizations. The scale and profitability of the combined organization will enable us to invest in the future, better compete for market share, and better serve our customers and communities. We bring together a diverse group of employees who are committed to delivering exceptional service to our customers and the communities we serve," said Anthony Labozzetta, President and Chief Executive Officer of Provident. "It is particularly gratifying to embark on this journey with our colleagues on the Lakeland team and Tom Shara, whom we have held in high regard for many years."
>
> "As two of New Jersey's most respected banks that nearly mirror each other in our shared cultures and missions to support and deliver to our customers, communities and shareholders, we are thrilled that we're combining our talented teams," said Thomas J. Shara, Lakeland's President and CEO. "The combination of our companies will allow us to achieve substantially more for our clients, associates, communities, and shareholders than we could alone. I have tremendous respect for Tony Labozzetta, Chris Martin, Provident's management team and associates. We will continue to build upon and leverage our combined strengths as we focus on the future together."
>
> Chris Martin, Executive Chairman of Provident added: "Lakeland's board of directors and executive leadership are fully aligned with

Provident's vision, values and culture. Both companies provide best in class products and services to their customers. We are confident that this strategic combination and the resulting strong pro forma financial performance, synergies and experienced management team will deliver on our commitment to providing superior long-term shareholder returns."

**Strategic Benefits of the Merger**

**Enhances Scale and Builds Upon Complementary Strengths:** The combined company will be strategically positioned to benefit from enhanced scale and improved opportunities for growth and profitability. While the transaction fortifies Provident and Lakeland's positions as leading players in the Tri-State commercial real estate market, Provident's two ancillary fee-based business lines in insurance and wealth management and Lakeland's growing asset-based lending and equipment lease financing provide opportunities for additional growth and relationship expansion. Both Provident and Lakeland have extensive experience successfully integrating with merger partners, and both are intensely focused on ensuring a smooth integration.

**Creates a Bank with a Significant New Jersey Banking Presence:** The combined company will have approximately 4% of all bank deposits in New Jersey, which represents the second largest share of New Jersey bank deposits for institutions with less than $100 billion in assets. Its enhanced branch footprint in attractive Northern and Central New Jersey and strong capital base will allow the combined company to better serve the needs of small-to-mid-sized businesses. The combined company will further strengthen its deep commitment to and extensive skillset in commercial lending.

**Financially Compelling:** Pro forma calculations with respect to the combined company indicate 2024 GAAP earnings per share accretion of approximately 24% or 9% with and without purchase accounting interest rate marks, respectively. The transaction is approximately 17% (3.6 year earnback) or 4% (1.7 year earnback) dilutive to tangible book value with and without purchase accounting interest rate marks, respectively. Management believes that conservative and achievable cost savings, projected to be approximately 35% of Lakeland's expense base, will drive strong financial metrics, material capital generation and tangible book value per share growth. The transaction results in an internal rate of return of approximately 20%.

**Transaction Details**

Under the terms of the merger agreement, which was unanimously approved by the boards of directors of both companies, Lakeland will merge with and into Provident, with Provident as the surviving corporation, and Lakeland Bank will merge with and into Provident Bank, with Provident Bank as the surviving bank. Following the closing of the transaction, Lakeland shareholders will receive 0.8319 shares of Provident common stock for each share of Lakeland common stock they own. Upon completion of the transaction, which is subject to both Provident and Lakeland shareholder approval, Provident shareholders will own 58% and Lakeland shareholders will own 42% of the combined company.

**Name, Branding and Headquarters**

The combined company will operate under the "Provident Financial Services, Inc." name and the combined bank will operate under the "Provident Bank" name.

The administrative headquarters of the combined company will be located in Iselin, New Jersey.

The combined company will trade under the Provident ticker symbol "PFS" on the New York Stock Exchange.

**Governance and Leadership**

The combined company's board of directors will have sixteen directors, consisting of nine directors from Provident and seven directors from Lakeland.

- Christopher Martin, Provident's current Executive Chairman, will continue to serve as Executive Chairman of the combined company board of directors

- Thomas Shara Jr., Lakeland's current President, Chief Executive Officer and director, will serve as Executive Vice Chairman of the combined company board of directors

- Anthony Labozzetta, a current director of Provident, will continue to serve as a director of the combined company

- A Provident board representative will serve as the independent lead director of the combined company board of directors

The combined company will be led by a well-respected management team that is comprised of individuals with significant financial services and M&A integration experience.

- Anthony Labozzetta, Provident's current President and Chief Executive Officer, will continue to serve in that role in the combined company

- Thomas Lyons, Provident's current Senior Executive Vice President and Chief Financial Officer, will continue to serve in that role in the combined company

- The remainder of the executive team will draw from both Provident and Lakeland

**Timing and Approvals**

The merger is expected to close in the second quarter of 2023, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

**Advisors**

Piper Sandler Companies is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Provident. Sullivan & Cromwell LLP is serving as legal counsel to Provident. Keefe, Bruyette & Woods, *A Stifel Company* is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Lakeland. Luse Gorman, PC is serving as legal counsel to Lakeland.

\* \* \*

27. The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that Lakeland's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Registration Statement**

28. On November 21, 2022, Lakeland and Provident jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the

9

Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Lakeland*

29. With respect to KBW's *Lakeland Selected Companies Analysis*, the Registration Statement fails to disclose the financial metrics and multiples for each company selected for the analysis.

30. With respect to KBW's *Provident Selected Companies Analysis*, the Registration Statement fails to disclose the financial metrics and multiples for each company selected for the analysis.

31. With respect to KBW's *Selected Transactions Analysis*, the Registration Statement fails to disclose the financial metrics and multiples for each transaction selected for the analysis.

32. With respect to KBW's *Lakeland Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) the implied terminal value of the Company; (ii) the inputs and assumptions underlying the terminal multiple range from 8.0x to 10.0x; (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; and (iv) the basis for assuming that Lakeland would maintain a tangible common equity to tangible assets ratio of 8.50%.

33. With respect to KBW's *Provident Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the implied terminal value of Provident; (ii) the inputs and

assumptions underlying the terminal multiple range from 8.0x to 10.0x; (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; and (iv) the basis for assuming that Provident would maintain a tangible common equity to tangible assets ratio of 8.50%.

34. With respect to KBW's *Illustrative Pro Forma Combined Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) the implied terminal value of the pro forma combined entity; (ii) the inputs and assumptions underlying the terminal multiple range from 8.0x to 10.0x; (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; and (iv) the basis for assuming that the pro forma combined entity would maintain a tangible common equity to tangible assets ratio of 8.50%.

35. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement

which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

39. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

39. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

40. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately

involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

41. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## **COUNT II**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

42. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Lakeland within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Lakeland, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Lakeland, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Lakeland, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

46. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

49. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 22, 2022   **MELWANI & CHAN LLP**

By: /s/ *Gloria Kui Melwani*
Gloria Kui Melwani
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*